# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

-----------------------------------------------------------------------x

Amy Williams,

                Plaintiff,                            **C.A. No.:** 1:22-cv-502

     -against-                                    **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Merrick Bank Corporation,

                Defendant(s).

-----------------------------------------------------------------------x

## COMPLAINT

Plaintiff Amy  Williams ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Transunion, LLC ("Transunion") and Defendant Merrick Bank Corporation ("Merrick Bank") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Colorado, County of Pueblo.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Transunion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Colorado, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 1900 West Littleton Blvd., Littleton, CO 80120.

7. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Merrick Bank Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at c/o CT Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Merrick Bank Dispute and Violation

11. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Merrick Bank account.

12. The inaccurate information furnished by Defendant Merrick Bank and published by Transunion is inaccurate since the account contains an incorrect current pay status of "60-89 days past due."

13. Upon information and belief, the Plaintiff's account was paid and closed.

14. Despite this and the fact that the Plaintiff no longer had an obligation to Merrick Bank, Transunion continues to report the Plaintiff's payment status as "60-89 days past due."

15. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status.

16. In almost all instances creditors make their credit lending decisions based on these automatically generated credit scores.

17. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

18. Furthermore, when the Plaintiff paid off her account it brought the account current and should be reflected as such.

19. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

20. Plaintiff notified Transunion that she disputed the accuracy of the information Transunion was reporting on or around April 26, 2021.

21. It is believed and therefore averred that Transunion notified Defendant Merrick Bank of the Plaintiff's dispute.

22. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Merrick Bank failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

23. Had Merrick Bank done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Merrick Bank that the current payment status was improperly listed as past due.

24. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Transunion did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

25. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

26. Had Transunion done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Transunion that the current payment status was improperly listed.

27. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as

evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

28. As a result of the Defendants failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Transunion)

29. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

31. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

32. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

33. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

34. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

35. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Amy Y. Williams, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**<u>SECOND CAUSE OF ACTION</u>**

**(Negligent Violation of the FCRA as to Transunion)**

36. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

38. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

39. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Amy Y. Williams, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Merrick Bank)

43. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

45. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

46. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

47. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

48. The Defendant Merrick Bank violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

49. Specifically, the Defendant Merrick Bank continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate current payment status.

50. As a result of the conduct, action and inaction of the Defendant Merrick Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

51. The conduct, action and inaction of Defendant Merrick Bank was willful, rendering Defendant Merrick Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

52. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Merrick Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Amy Y. Williams, an individual, demands judgment in her favor against Defendant Merrick Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Merrick Bank)

53. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

55. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

56. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

57. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the Defendant must be reported to other agencies which were supplied such information.

58. Defendant Merrick Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

59. After receiving the Dispute Notice from Transunion, Defendant Merrick Bank negligently failed to conduct its reinvestigation in good faith.

60. A reasonable investigation would require a furnisher such as Defendant Merrick Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

61. The conduct, action and inaction of Defendant Merrick Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

62. As a result of the conduct, action and inaction of the Defendant Merrick Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Merrick Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Amy Y. Williams, an individual, demands judgment in her favor against Defendant Merrick Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

64. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues

this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for

each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15

U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  February 28, 2022

Respectfully Submitted,

/s/ Yaakov Saks
**Stein Saks, PLLC**
By:  Yaakov Saks
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201)-282-6501
ysaks@steinsakslegal.com